DETROIT FIRE FIGHTERS ASSOCIATION, LOCAL 344, IAFF v
CITY OF DETROIT

Docket No. 43886. Submitted December 11, 1979, at Detroit.—Decided
April 2, 1980. Leave to appeal applied for.

The Detroit Fire Fighters Association, Local 344, IAFF, submitted
an unfair labor charge against the City of Detroit to the
Michigan Employment Relations Commission, alleging that the
city had attempted to impose a change in the union bargaining
unit by deleting certain positions from the unit. The city's
proposal to delete the positions had been negotiated during
collective bargaining and when no new agreement was reached
the city submitted the proposal, among others, to binding
arbitration. The Employment Relations Commission ruled that
the city had committed an unfair labor practice. The city
appealed, and the union petitioned for enforcement of the
commission's order. *Held:*

1. The redefinition of a bargaining unit is a permissive,
rather than mandatory, subject of collective bargaining, and
the city's attempt to redefine the unit by negotiating the issue
to an impasse and then submitting the matter to arbitration is
an unfair labor practice.

2. The Employment Relations Commission was the proper
forum to decide the issue of the definition of the bargaining
unit.

Affirmed, and the petition for enforcement is granted.

1. LABOR RELATIONS — COLLECTIVE BARGAINING — SUBJECTS OF COL-
LECTIVE BARGAINING — PUBLIC EMPLOYMENT RELATIONS ACT —
STATUTES.

Wages, hours, and other terms and conditions of employment are
mandatory subjects of collective bargaining under the public
employment relations act; subjects which fall outside the scope
of wages, hours, and other terms and conditions of employment
are permissive subjects of collective bargaining and may be

REFERENCES FOR POINTS IN HEADNOTES
[1] 48A Am Jur 2d, Labor and Labor Relations § 1770.
[2] 48A Am Jur 2d, Labor and Labor Relations §§ 1766, 1770.
[3] 48A Am Jur 2d, Labor and Labor Relations § 1764 *et seq.*

negotiated only if both parties agree (MCL 423.215; MSA 17.455[15]).

2. LABOR RELATIONS — COLLECTIVE BARGAINING — BARGAINING UNITS — PUBLIC EMPLOYMENT RELATIONS ACT.

The redefinition or constitution of a bargaining unit is a permissive subject of collective bargaining under the public employment relations act; an attempt by an employer to restrict bargaining to only certain members of an appropriate employee bargaining unit is an unfair labor practice.

3. LABOR RELATIONS — BARGAINING UNITS.

The Michigan Employment Relations Commission is the appropriate forum to decide the issue of who is to be included in an employee bargaining unit.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *Theodore Sachs* and *George H. Kruszewski),* for plaintiff.

*George G. Matish,* Acting Corporation Counsel, and *Anna Diggs-Taylor* and *Kenneth G. King,* Assistants Corporation Counsel, for defendant.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Jon M. DeHorn,* Assistant Attorney General, for the Employment Relations Commission.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and P. C. ELLIOTT,* JJ.

M. F. CAVANAGH, J. Defendant City of Detroit appeals from a ruling by the Michigan Employment Relations Commission (MERC) which affirmed the decision of an administrative law judge who found that defendant had violated § 10 of the public employment relations act (PERA), MCL 423.210; MSA 17.455(10), by bargaining to impasse regarding the exclusion of certain positions from

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the various classifications represented by the plaintiff union.

During negotiations for a new collective bargaining agreement, the city proposed to alter the recognition clause to delete the positions of Fire Chief, Assistant Fire Chief and Fire Marshal from the bargaining unit. When negotiations failed to produce any new agreement the city submitted the above noted proposal, among others, to binding arbitration pursuant to 1969 PA 312, as amended, MCL 423.231 *et seq.;* MSA 17.455(31) *et seq.* This submission resulted in the parties' agreement that the issue had been bargained to impasse. Subsequently, the plaintiff union filed an unfair labor practice charge with MERC, and events progressed as detailed above.

Section 15 of PERA requires the representatives of the employer and employee to bargain collectively "with respect to wages, hours, and other terms and conditions of employment". MCL 423.215; MSA 17.455(15). Subjects included within that phrase are mandatory subjects of bargaining. *Detroit Police Officers Ass'n v Detroit,* 391 Mich 44, 54; 214 NW2d 803 (1974).

Permissive subjects of collective bargaining are those which fall outside the scope of "wages, hours, and other terms and conditions of employment", and may be negotiated only if both parties agree. *Pontiac Police Officers Ass'n v Pontiac,* 397 Mich 674, 679; 246 NW2d 831 (1976).

We may look for guidance to Federal decisions that have construed provisions of the National Labor Relations Act, which are analogous to provisions of PERA, *Rockwell v Crestwood School District Board of Education,* 393 Mich 616, 636; 227 NW2d 736 (1975). In so doing, it is evident that the redefinition of a bargaining unit would not satisfy

any of the accepted tests for being considered a mandatory subject of collective bargaining. *Detroit Police Officers Ass'n v Detroit,* 61 Mich App 487, 492; 233 NW2d 49 (1975), *lv den* 395 Mich 756 (1975). The redefinition or constitution of a bargaining unit is, therefore, a permissive subject of collective bargaining. Accordingly, the defendant city's attempt "to restrict bargaining to only certain members of an appropriate (bargaining) unit * * * is an unfair labor practice". *Hess Oil & Chemical Corp v NLRB,* 415 F2d 440, 444 (CA 5, 1969), *cert den* 397 US 916; 90 S Ct 920; 25 L Ed 2d 97 (1970). And, further in accord with the decision in *Hess Oil, supra,* p 445, we find that MERC was the proper entity to decide this issue in the first instance. See *In the Matter of Metropolitan Council 23 AFSCME, AFL-CIO,* 89 Mich App 564, 567-568; 280 NW2d 600 (1979), and *Local No 214, Teamsters v Detroit,* 91 Mich App 273, 276-277; 283 NW2d 722 (1979).

The conclusion reached in this opinion does not leave the defendant without recourse. As was noted by the administrative law judge below, if defendant believes that the above-mentioned positions should be deleted from the bargaining unit, it may present its reasons therefor to MERC under the authority of MCL 423.213; MSA 17.455(13). See *Smith Steel Workers v A O Smith Corp,* 420 F2d 1 (CA 7, 1969), and 48 Am Jur 2d, Labor and Labor Relations, § 826.

Plaintiff's petition for enforcement is hereby granted and the order of MERC dated February 7, 1979, shall be enforced.

Affirmed.